# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:22 CR 19-002 |
| v. | : | JUDGE JAMES L. GRAHAM |
| JONATHAN A. FROST, | : | **FILED UNDER SEAL** |
| Defendant. | : | |

## SENTENCING MEMORANDUM

Defendant, Jonathan A. Frost, through undersigned counsel, respectfully submits the following Sentencing Memorandum for the Court's consideration.

Respectfully submitted,

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY CO., L.P.A.
Ohio Supreme Court No. (0030772)
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939 – Phone
(614) 242-3999 – Fax
shamanskyco@gmail.com

Counsel for Defendant

# MEMORANDUM

Mr. Frost entered a guilty plea to one count of Conspiracy to Provide Material Support to Terrorists, in violation of 18 U.S.C. §§ 2339(A)(a), 2332b(g)(5)(B), and 3583(j). The Court accepted his plea and ordered a presentence investigation. The matter is now set for sentencing on November 4, 2022.

Defendant acknowledges that Probation Officer Emily Mueller has provided a thorough rendition of the factual and procedural background of the case, and that her report identifies a one-hundred-eighty-month guideline sentence. However, Defendant submits that a consideration of all significant factors attendant to this case support a sixty-day custodial sentence followed by a fifteen-year period of supervised release. Mr. Frost respectfully asks the Court to consider the following factors in arriving at its sentence.

## Application of 18 U.S.C. § 3553 Sentencing Factors

In defining "reasonableness," Congress has directed that criminal sentences achieve four purposes: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in an effective manner. *See* 18 U.S.C. § 3553(a)(2). In addition, § 3553 requires a sentencing court to consider "the need to avoid unwanted sentence disparity among defendants with similar records who have been found guilty of similar conduct." *See* 18 U S C § 3553(a)(6). Moreover, § 3553 provides that the sentence shall be "no greater than necessary . . . to comply with the purposes of punishment . . . ." 18 U.S.C. § 3553(a).

In the case *sub judice* and pursuant to the analysis under *United States v. Booker*, 543 U.S. 220 (2005) and § 3553, the following considerations warrant the imposition of a sentence less than the guideline recommendation in this case: (1) Mr. Frost's history and personal characteristics, §3553(a)(1); (2) the need for the sentence imposed to reflect the seriousness of the crime and to provide just punishment for the offense, § 3553(a)(2)(A); and (3) the requisite that the sentence imposed afford adequate deterrence and protects the public from future crimes committed by the defendant, § 3553(a)(2)(B)&(C).

As evidenced by his plea of guilty, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and rehabilitative efforts, Mr. Frost has taken all steps necessary to address his illegal and dangerous conduct. Jonathan has also embraced the advice of medical professionals, as well as spiritual counselors, to better understand and recognize the conditions that contributed to his detachment from reality and adoption of extremist ideologies. Based on the foregoing, it is respectfully submitted that a sixty-day term of incarceration, followed by an appropriate period of supervision, will reflect the seriousness of the crime, promote respect for the law, and provide a just punishment and appropriate deterrent.

**Defendant's History and Personal Characteristics - § 3553(a)(1)**

As recognized above, the Presentence Investigation Report accurately sets forth many of the important aspects of Mr. Frost's history and personal characteristics. Defendant urges the Court to consider the following in determining an appropriate and just sentence.

Jonathan was raised in a loving household by two committed parents who endeavored to instill religious and personal virtues in their children. These values embraced equality and understanding, as opposed to hatred and bigotry. Despite this nurturing environment, Defendant's upbringing was not without challenges. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████
████

    Jonathan's adolescence was characterized by normal behavior patterns and age-appropriate activities. Mr. Frost interacted well with his friends, classmates, and teachers. He achieved good grades and participated in numerous extracurricular activities. As Jonathan entered high school, he continued to excel in academics, athletics, and participated in community service. He also displayed an interest in computers and the internet.

    Upon graduation from high school, Jonathan attended Purdue University. He elected to live in an apartment rather than a dormitory ████████████████████████████████████████ ███████████████████████ By that time, Jonathan's interest in computers intensified to the point that he spent virtually all of his waking hours in front of a monitor. Isolated from his peers and suffering from undiagnosed depression and avoidant personality disorder, the vast majority of Jonathan's social interactions were confined to communications with anonymous individuals on the internet. He gravitated toward similarly disaffected individuals and began embracing their hateful and dangerous ideology.

    In the context of the new-found acceptance by people he perceived as peers, Jonathan veered into a horrific detour from the values in which he had been raised. While communicating online, Jonathan adopted the idea that damaging the electrical grid would further the goals of the racists and supremacists with whom he was associating. Mr. Frost embraced and acted upon this destructive ideology. While recognizing that none of these circumstances justify his illegal conduct, Mr. Frost submits that his social immaturity, undiagnosed psychological disorders, and

4

isolation made him extremely vulnerable and receptive to a community that espoused anger and frustration.

In February of 2020, Jonathan's parents saw him at a family function in Michigan and were deeply concerned about the state of his mental health. Based on this concern, Jonathan met with Dr. Guerrero, at which time he was diagnosed with major depressive disorder and an unspecified anxiety disorder.

Following the FBI search of Defendant's home in May of 2020, ███████████

███████████

███████████

███████████

███████████

███

Since August of 2020, Jonathan has engaged in ongoing counseling with Dr. Ditsky and submitted to two psychological evaluations with Dr. Meredith Veltri. Moreover, in addition to complying with all terms of pretrial supervision, Jonathan has maintained steady employment and completed all coursework for his Master's in Construction Management at the University of Texas, El Paso, save for a three-credit-hour internship. Lastly, Mr. Frost has positively engaged with his community through extensive volunteer- and church-related activities.

### Need for the Sentence to Reflect the Seriousness of the Crime, Promote Respect for the Law, Provide Just Punishment, Deter Criminal Conduct, and Protect the Public - § 3553(a)(2)

Regarding the need for the sentence to reflect the seriousness of the crime, Defendant submits that terrorism encompasses a varying range of illegal conduct. The Sentencing Guidelines appear to reject this reality, instead imposing upon all offenders a Category VI criminal history

regardless of circumstance. Though Jonathan's acts furthered a terrorist conspiracy and were inherently dangerous, the circumstances surrounding this case demonstrate that a Category VI designation substantially overrepresents his criminal history and likelihood to commit other crimes. As such, the Sentencing Commission's own guidance encourages a downward departure. USSG § 4A1 3(b)(1).

Mr. Frost submits that the sentence proposed in this Memorandum is appropriate and promotes respect for the law. Citizens respect laws which account for the unique circumstances of the crime and the individual. Respect for the law is further promoted by sentences which address the root cause of criminal conduct, including mental health, and which provide a path forward to rehabilitation while safeguarding the community.

Regarding just punishment, deterrence, and protecting the public, it is respectfully submitted that the proposed sanction accomplishes the foregoing goals in a constructive manner, utilizing the least restrictive means necessary to meet the purposes of sentencing. A brief term of incarceration, followed by a lengthy fifteen-year period of supervised release, sends a clear message that this type of behavior, even when committed by a person with mental illness, has significant consequences. The proposed sentence also ensures that Jonathan will continue to receive all necessary medical and psychological treatment with assistance and oversight from the Court.

In support of the foregoing, Mr. Frost has provided the Court with reports from Drs. Ditsky and Veltri, as well as numerous letters from family and members of the community. Mr. Frost submits that the information contained therein, as well as the unique facts and circumstances of this case, strongly support a non-guideline sentence. The Court is invested with the authority to exercise its wisdom and judgment in fashioning a just sentence. Mr. Frost has faith that the Court

will consider his ███████ struggle with mental illness, and rehabilitative efforts in deciding that which is just.

                                        Respectfully submitted,

                                        **/s/ Samuel H. Shamansky**
                                        SAMUEL H. SHAMANSKY CO., L.P.A.
                                        Ohio Supreme Court No. (0030772)
                                        523 South Third Street
                                        Columbus, Ohio 43215
                                        (614) 242-3939 – Phone
                                        (614) 242-3999 – Fax
                                        shamanskyco@gmail.com

                                        Counsel for Defendant

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing was filed with the Clerk of Court for the Southern District of Ohio, under seal, which will send notification of such filing to Assistant U.S. Attorney Jessica W. Knight on November 1, 2022.

                                        **/s/ Samuel H. Shamansky**
                                        SAMUEL H. SHAMANSKY